IN THE COUNTY COURT IN THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

SALLIE V GREEN,

    Plaintiff,

Case No.:

vs.

SYNCHRONY BANK,

    Defendant.

_____/

## COMPLAINT FOR VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT and TELEPHONE CONSUMER PROTECTION ACT

The Plaintiff, SALLIE V GREEN, (hereinafter referred to as "Plaintiff") by and through undersigned counsel, sues the Defendant, SYNCHRONY BANK, (hereinafter referred to as "Defendant"), and in support thereof respectfully alleges the following:

### PART I: INTRODUCITON

1. This is an action for damages for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereafter, the "FCCPA") and the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under Florida Statute § 48.193.

3. This action arises out of Defendant's violations of the FCCPA, and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and its agents in its illegal effort to collect a consumer debt from Plaintiff.

4.     Venue is proper in this County because the conduct complained of occurred in Polk County, Florida where the Plaintiff resides.

## PARTIES

5.     Plaintiff, SHARI ROBERTS, is a natural person who resides in the State of Florida, and is a "consumer" as that term is defined by § 559.55(8), Fla. Stat.

6.     Defendant, SYNCHRONY BANK, is a "creditor" as defined in §559.55(5), Fla. Stat. and is a "person" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat. § 559.72.

## GENERAL ALLEGATIONS

7.     Congress enacted the TCPA to prevent real harm. Congress found that "automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion."[1]

8.     Defendant's phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent-a "nuisance and invasion of privacy."

9.     Defendant's phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

10.    Defendant's phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

11.    Defendant's phone calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

---

[1] Pub. L. No. 102-243, §§ 2(10-13) Dec. 20, 1991), codified at 47 U.S.C. § 227. See also Mims v. Arrow Fin. Services, L.L.C., 565 U.S. 368, 132 S. Ct. 740, 744, 181 L. Ed. 2d 881 (2012) ("The Act bans certain practices invasive of privacy").

12. At all material times herein, Defendant attempts to collect a debt, specifically a balance allegedly due on a consumer credit card issued by Defendant, and referenced by Defendant's account number ending in #0658 (hereinafter, the "Debt").

13. At all material times herein, the Debt is a consumer debt incurred primarily for personal, household, or family use.

14. At all material times herein, the Defendant is a "person" subject to Florida Statutes, Section 559.72. See Florida Statutes, Section 559.55(5); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

15. At all material times herein, Defendant's conduct, with respect to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

16. At all material times herein, Defendant acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

17. All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

**FACTUAL ALLEGATIONS**

18. Defendant's telephone calls, as more specifically alleged below, were placed to Plaintiff's assigned cellular telephone number ending in -6883 (hereinafter, "Cellular Phone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV"). The calls bore telltale signs of an automated call, such as an obviously artificial voice, a

messaging asking the consumer to press one of several keys, or a gap between picking up the call and a human being coming on the line.

19. Plaintiff is the owner, regular user, and possessor of a Cellular Phone with the assigned number ending in -6883.

20. On or about March 26, 2018, Plaintiff retained Eva Donohue, P.A. (hereinafter "Undersigned Counsel") for representation with respect to her debts generally, including the Debt.

21. On March 26, 2018, Plaintiff, through Undersigned Counsel, sent a facsimile transmission to Defendant advising Defendant that Undersigned Counsel represented Plaintiff with respect to the Debt, advising Defendant of Undersigned Counsel's contact information, and advising the Defendant that all further communication regarding the Debt be directed to Undersigned Counsel (hereafter, "Notice of Representation" or "NOR"). True and correct copies of the NOR letter and fax confirmation sheet is attached hereto and labeled as Exhibit "A".

22. Additionally, the NOR letter specifically instructed and placed Defendant on notice of her revoking any prior express consent that she may have given to receive telephone calls, especially to her cellular telephones from an ATDS or pre-recorded voice, and specifically requesting Defendant not to call Plaintiff's home telephone or cellular telephone number. See Exhibit "A".

23. Each of the below-referenced were communications and were made despite Defendant possessing actual knowledge of Undersigned Counsel's representation of Plaintiff with respect to her debts generally, including the Debt, possessing actual knowledge of

Undersigned Counsel's contact information, and despite possessing actual knowledge of Plaintiff's instruction to cease all direct communication with Plaintiff with respect to the Debt.

24. Each of the below-referenced calls at the approximate referenced times were made by Defendant directly to Plaintiff's Cellular Phone using ATDS, a PTDS, or an APV in an attempt to directly collect the Debt from Plaintiff after having actual knowledge of Plaintiff's express revocation to make such calls and after having actual knowledge that the Plaintiff is represented by an attorney.

a) On 3/26/2018 at 6:39 pm, Defendant placed a call to Plaintiff's cell phone number. The call came from 800-292-7508.

b) On 03/27/2018 at 3:31 pm, Defendant placed a call to Plaintiff's cell phone number. The call came from 800-292-7508.

c) On 03/27/2018 at 4:00 pm, Defendant placed a call to Plaintiff's cell phone number. The call came from 800-292-7508.

d) On 03/28/2018 at 10:30 am, Defendant placed a call to Plaintiff's cell phone number. The call came from 770-238-1941.

e) On 03/28/2018 at 2:25 pm, Defendant placed a call to Plaintiff's cell phone number. The call came from 770-238-1941. When Plaintiff answered the call she experienced a period of silence for several seconds prior to a live person coming on the line.

25. Plaintiff has not been able to record the specifics of each and every call made to her by Defendant due to both professional and personal commitments, as well as the continued and increasing stress associated with the continued barrage of debt collection calls.

26. Further, Defendant is in the best position to determine and ascertain the number and methodology of calls it placed to Plaintiff.

27. In addition to the foregoing calls, Defendant also communicated directly with the Plaintiff on at least one occasion by a letter dated April 4, 2018. Defendant's April 4, 2018 letter acknowledges receipt of Plaintiff's March 26, 2018 letter. Despite Plaintiff's March 26, 2018 letter requesting that Defendant cease all further direct communications, Defendant's April 4, 2018 letter specifically states that Plaintiff's account is past due and encourages her to contact Defendant directly. A true and correct copy of Defendant's April 4, 2018 letter is attached hereto and marked as Exhibit "B".

28. As a direct result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, confusion, loss of sleep, and belief that the hiring of an attorney for representation with respect to the Debt was wholly ineffective and that the frequent, repeated direct debt collection attempts would need to simply be endured.

29. Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages, actual damages, punitive damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

30. United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call placed using any automatic

telephone dialing system or an artificial or pre-recorded voice to Plaintiff's Cellular Phone in violation of the TCPA or the regulations proscribed thereunder.

31. Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call placed using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's Cellular Phone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

## COUNT I
## VIOLATION OF THE FLORIDA CONSUMER
## COLLECTION PRACTICES ACT 559.72(18), Fla. Stat.

Plaintiff re-alleges paragraphs one (1) through forty-two (31) as if fully restated herein and further states as follows:

32. Fla. Stat. § 559.72(18) provides, pertinent in part:

In collecting consumer debts, no person shall:

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

33. Defendant knew that Plaintiff was represented by an attorney with respect to the Debt, and had knowledge of Plaintiff's attorney's name and address.

34. Defendant has violated the Florida Consumer Collection Practices Act. Specifically, Defendant violated Fla. Stat. § 559.72(18) by calling the Plaintiff's cell phone directly on multiple occasions, with as many as two phone calls in one day, on multiple days and

on April 4, 2018 when Defendant sent Plaintiff a letter in an attempt to collect a debt, despite having the knowledge that Plaintiff had an attorney for the matter.

35. Due to the violations of Florida law by the Defendant as set forth above, the Plaintiff has been damaged and is entitled to an award of actual damages, statutory damages as well as reasonable attorney's fees and costs pursuant to § 559.77(2), Fla. Stat.

## COUNT II
## TELEPHONE CONSUMER PROTECTION ACT-
## VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiff re-alleges paragraphs one (1) through forty-two (31) as if fully restated herein and further states as follows:

36. Defendant is subject to, and violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

37. At no time did Defendant have Plaintiff's prior express consent to call Plaintiff on her Cellular Phone.

38. Further, if Defendant contends it possessed such consent, such consent was revoked the moment Defendant received the Fax Notice of Representation. See Exhibit "A".

39. Additionally, if Defendant contends it placed the referenced phone calls described herein for "informational purposes only." Defendant nonetheless lacked the required prior express written consent necessary to place such informational calls to Plaintiff's Phone using an ATDS or APV.

40. The calls Defendant placed to Plaintiff's Cellular Phone complained of herein are the result of a repeated willful and knowing violation of the TCPA.

41. As a direct and proximate result of Defendant's conduct, Plaintiff suffered:

   a. The periodic loss of her cellular phone service;

   b. The expenditure of costs and attorney's fees associated with the prosecution of this matter;

   c. Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

   d. Statutory damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests against Defendant entry of:

a. Judgment against Defendant declaring that Defendant violated the FCCPA;

b. Judgment against Defendant for maximum statutory damages for violations of the FCCPA;

c. Judgment against Defendant for actual damages pursuant to the FCCPA in an amount to be determined at trial;

d. Judgment against Defendant for statutory damages in the amount of $500.00 for each of Defendant's telephone calls that violated the TCPA;

    e.  Judgment against Defendant for treble statutory damages in the amount of up to $1,500.00 for each of Defendant's telephone calls that violated the TCPA for which Defendant acted knowingly and willingly;

    f.  Judgment for an award of reasonable attorneys' fees and costs;

    g.  Any other such relief the Court may deem proper.

DATED: April 30, 2018

> Eva Donohue, P.A.
>
> */s/ Eva Donohue*
> _____
> EVA M. DONOHUE, ESQ.
> FBN: 0576581
> P.O. Box 5074
> Lakeland, FL  33807-5074
> Telephone:(863)687-6400
> Fax: (863) 687-6440
> Email: info@emdlawfirm.com

# Exhibit "A"

| | |
|---|---|
| **From:** | NoReply@metrofax.com |
| **To:** | Legal Assist |
| **Subject:** | Successful transmission to 18664336076. Re: Synchrony Bank/Green |
| **Date:** | Monday, March 26, 2018 10:35:52 AM |
| **Attachments:** | 20180326_072538751_PREVIEW_1788623528.gif |

Hi Eva,                                                                                      **Re: Synchrony Bank/Green**

The fax you sent through MetroFax to 18664336076 was successfully transmitted.

**Fax Details**

| | |
|---|---|
| **Date:** | 2018-03-26 14:35:59 (GMT) |
| **Number of Pages:** | 2 |
| **Length of Transmission:** | 80 seconds |

If you have any questions, please call us at (888) 321-3121 ext. 2 or visit our online help center at https://www.metrofax.com/support.

Thank you for using the MetroFax service.

Sincerely,
The MetroFax Team

Via Fax: 866-433-6076
Synchrony Bank

Re: Rooms to Go Account No. ███████████

To Whom It May Concern:

    Please be advised that I have retained counsel. Please take notice that Eva Donohue P.A. located at 5640 South Florida Avenue, Lakeland, Florida 33813; telephone number (863) 687-6400 is my attorney at law who represents me with respect to the above referenced account and any other account that I may have with you. I have authorized and instructed them to discuss my account with you and your affiliates, agents, employees, designees or assigns. I authorize and instruct you to disclose such information to them as they may request, and to direct all communications to them as my attorney. They are not authorized to accept service of process on my behalf for any legal action brought against me by any of my creditors. Furthermore, you are instructed and placed on notice of this revocation, not to call my home telephone number, my cellular telephones ███████-6883 or my work telephone number. I am hereby revoking any prior express consent that I may have given to receive telephone calls, especially to my cellular telephones, from an Automated Telephone Dialing System, or a pre-recorded voice. All telephone calls, collection and communication concerning this account should be directed to my attorney at the above telephone number.

    Please allow this correspondence to also serve as my formal notice of dispute of the above referenced debt and/or account. Thank you.

Sincerely,

*Sallie Green* (signature)

Sallie Green
7907 N. Campbell Road
Lakeland, FL 33810
SS No: ███████████

# Exhibit "B"

SYNCHRONY BANK
P.O. Box 965033
Orlando, FL 32896-5033

36851
0104

04/04/2013

SALLIE V GREEN
7907 N CAMPBELL RD
LAKELAND FL 33810-0334

**Account Number Ending In:**

Dear SALLIE V GREEN,

Thank you for contacting us regarding your ROOMS TO GO/SYNCHRONY BANK account. We value your business and appreciate the opportunity to be of service to you.

We have reviewed your account in response to your credit bureau reporting dispute. Our review indicates we are correctly reporting your above referenced account to the credit bureaus. This serves as confirmation of the account status listed below as of the date of this letter.

As of the date of this response, the account is past due 44 days.

We appreciate having you as a ROOMS TO GO/SYNCHRONY BANK customer. If you have any additional questions, we encourage you to contact us at the phone number listed below.

Sincerely,

Customer Service Department
1-866-396-8254

Account is owned by SYNCHRONY BANK

Checking your Credit

It's important to know what information is on your credit reports. You can request a free copy of your credit report from each of three major credit bureaus – Experian, Equifax, and TransUnion – every 12 months at http://www.annualcreditreport.com or by calling 1-877-FACTACT (322-8228).

You can contact the credit bureaus directly to learn more about credit reports and how to review and understand your credit history, as well as file a dispute if you see an error, inaccurate or inconsistent information.

Experian: www.experian.com or Experian PO BOX 4500, Allen, TX 75013

Equifax: www.equifax.com or Equifax PO Box 740256, Atlanta GA 30374-0256

Trans Union: www.transunion.com or Trans Union Consumer Solutions 2 Baldwin Place, PO Box 2000, Chester, PA 19022-2000 or 1-800-916-6800

Innovis: www.innovis.com  Innovis Consumer Assistance PO Box 1640, Pittsburgh, PA 15230-1640 or 1-800-540-2505

You may also request your free credit report by mail at the below address:

Annual Credit Report Request Service

P.O. Box 105281

Atlanta, GA 30348-5281

For more information about credit reports and your rights, visit these online resources at:

The Consumer Financial Protection Bureau's web site www.consumerfinance.gov

The Federal Trade Commission web site www.consumer.ftc.gov

The Federal Reserve Board's web site www.federalreserve.gov/creditreports

OM5302PW
R03042016